Juan Cintrón Mercado, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de Mayagüez, Hon. A. Fiol Negrón, Juez, demandado; Elías Lugo Torres, interventor.

Número 2054.

*Sometido:* 1 de marzo de 1954. *Resuelto:* 10 de marzo de 1954.

*Mario Báez García,* abogado del peticionario; *M. Figueroa del Rosario,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Este recurso de *certiorari* envuelve la interpretación de algunas de las reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior. El día 3 de julio de 1953 la sala de Añasco del Tribunal de Distrito dictó una sentencia declarando con lugar una demanda de desahucio interpuesta por Elías Lugo Torres contra Juan Cintrón Mercado. El día 8 de julio el demandado Cintrón Mercado radicó en esa sala un escrito de apelación, debidamente notificado, en el cual el demandado informó que apelaba de la sentencia y además solicitó "que se eleven las notas tomadas por el Juez así como la gravación (sic) del proceso a los fines de perfeccionar esta apelación dentro del término legal." De los autos surge que los procedimientos fueron grabados.

El día 13 de julio se radicó en la sala de Mayagüez del Tribunal Superior el expediente de la causa, sin incluir la transcripción de evidencia ni la relación del caso. El día 23 de julio el Juez de Distrito de la Sala de Añasco radicó en la Sala de Mayagüez del Tribunal Superior una moción en que solicitaba del Tribunal Superior que se le concediese a dicho Juez de Distrito "y a la parte demandada, un término de 15 días a contar desde el día de hoy para los efectos de radicar la correspondiente relación del caso y que quede el mismo en condiciones de ser resuelto por este Tribunal Superior." El mismo día 23 de julio el Tribunal Superior dictó una orden

concediendo al Juez de Distrito un término de 15 días para radicar la relación del caso, a vencer dicho término el 7 de agosto. El 3 de agosto el demandante en el pleito original, Elías Lugo Torres, radicó en el Tribunal Superior una moción sobre desestimación de la apelación, basada exclusivamente en alegados defectos de la fianza presentada a los fines de la apelación. El 7 de agosto se radicó en el Tribunal de Distrito la relación del caso, habiéndose enviado a las partes copias de tal relación del caso. De los autos surge que el original de esa relación del caso fué radicado en el Tribunal Superior el día 12 de agosto. El 17 de agosto se celebró en el Tribunal Superior la vista sobre la moción de desestimación. El día 20 de agosto la sala de Mayagüez del Tribunal Superior dictó una resolución desestimando la apelación, no en virtud de los fundamentos expuestos por el demandante en cuanto a la fianza prestada, sino en virtud del criterio formulado *motu proprio* por el tribunal al efecto de que, habiéndose radicado y notificado los autos en apelación el día 13 de julio, el apelante no había radicado su alegato en el Tribunal Superior dentro del término de quince días a partir del 13 de julio. El Tribunal Superior basó su resolución en la regla 7 de las reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior, que dispone que dentro de los quince días de notificadas las partes de la radicación de los autos en apelación, o dentro de la prórroga que se concediere con tal fin, el abogado del apelante presentará al Tribunal Superior su alegato, y que, de no hacerlo así, el tribunal, *motu proprio* o a petición de la parte apelada, desestimará el recurso. El demandado, y apelante ante el Tribunal Superior, solicitó la reconsideración de tal resolución del 20 de agosto, habiéndose declarado sin lugar la moción de reconsideración. A petición del demandado Cintrón Mercado, expedimos auto de *certiorari* a los fines de revisar la resolución desestimatoria de la Sala de Mayagüez del Tribunal Superior, del 20 de agosto.

 Fué legalmente incorrecta la resolución impugnada ya que, de acuerdo con la regla 5, de las reglas mencionadas, *los autos* en apelación consistirán, no solamente del expediente original, sino que también "de la relación del caso o transcripción de evidencia, y de la grabación de los procedimientos a solicitud de parte." La regla 7 dispone, en parte, que el alegato se presentará al Tribunal Superior dentro de los quince días de notificadas las partes de la radicación de *los autos* en apelación. El día 13 de julio se había radicado en el Tribunal Superior el expediente original, pero no se habían radicado aún los autos a que se refieren las reglas, ya que aún no se había radicado la relación del caso, que debía formar, en este caso, parte integrante de los autos. Por lo tanto, el día 13 de julio no podía servir de punto de partida para el cómputo del término de quince días señalado para la radicación del alegato. Precisamente la propia sala de Mayagüez del Tribunal Superior, aunque a través de un procedimiento inadecuado, como veremos más adelante, había concedido una prórroga para la radicación de la relación del caso, para que se pudiesen completar los autos en apelación. Al resolverse la moción de desestimación, ya se había radicado en el Tribunal Superior la relación del caso, pero aún no habían transcurrido quince días después de haberse radicado tal relación del caso. Naturalmente, podría haber casos en que procedería la desestimación de una apelación por el hecho de que no se incluya la relación del caso en los "autos" enviados al Tribunal Superior, dentro de un período de tiempo que sea legalmente adecuado. Pero ésa no es la situación en este caso. No se ha demostrado que la dilación en el envío de la relación del caso haya sido imputable al apelante. Por el contrario, al él radicar su escrito de apelación, él solicitó que se elevasen al Tribunal Superior "las notas tomadas por el Juez", así como la grabación del proceso.

 La apelación tramitada en este caso, del Tribunal de Distrito al Superior, se caracterizó por diversas desvia-

ciones del procedimiento autorizado por las reglas. Las reglas 5, 6, 7 y 8, en parte, disponen lo siguiente:

"5. Se formalizará la apelación radicando el escrito con el Secretario de la sala en que se celebró la vista, previa notificación del mismo al abogado de récord de la parte contraria, o a la parte misma, de no tenerlo, dentro de los diez (10) días siguientes al del archivo en autos por dicho Secretario de la notificación de la sentencia, de acuerdo con la ley. Si el escrito de apelación no se radicare dentro del indicado término de diez (10) días, la apelación será desestimada por el juez correspondiente del Tribunal Superior.

"Dentro de los veinte (20) días siguientes a la radicación del escrito de apelación el Juez de Distrito que entendió en la vista entregará al Secretario, para ser unida a los autos en apelación, una relación escrita de todo lo ocurrido en el caso, a menos que la parte apelante informe por escrito al juez dentro de los cinco (5) días de radicarse la apelación que preparará una transcripción de evidencia en sustitución de tal relación.

"La transcripción de evidencia será radicada en secretaría por la parte apelante dentro del indicado término de veinte (20) días, previa notificación con copia de ella al abogado de la parte contraria o a ésta si no lo tuviere. Dicho término podrá ser prorrogado por causa justificada por un período máximo de veinte (20) días por el juez que conoció del caso. Vencido este término sin que se haya radicado la transcripción de evidencia, el Juez de Distrito preparará la relación escrita a que se refiere el párrafo segundo de esta regla dentro de los veinte (20) días siguientes. En todo caso en que por razones justificadas el juez no pueda preparar la relación del caso dentro del término antes provisto, deberá prepararla y radicarla dentro de un término razonable.

"Las partes podrán presentar objeciones a la relación del caso preparada por el juez dentro de diez (10) días de notificadas por el Secretario de su radicación. De radicarse una transcripción de evidencia el juez señalará una vista que se celebrará dentro de los diez (10) días siguientes para la discusión y aprobación de la misma.

"Expirado el período de tiempo para presentar las objeciones sin que se hubieren formulado, o resueltas éstas por el juez que presidió la vista del caso o aprobada la transcripción de evi-

dencia, será deber del apelante elevar por mediación del Secretario los autos en apelación dentro de los cinco (5) días siguientes.

"Si los autos en apelación no fueren elevados al Tribunal Superior dentro de dicho término o de la prórroga que éste concediere al efecto, la apelación será desestimada.

"Los autos en apelación consistirán del expediente original, de la relación del caso o transcripción de evidencia, y de la grabación de los procedimientos a solicitud de parte.

"6. La radicación de los autos en apelación será notificada prontamente a las partes por el Secretario del Tribunal Superior.

"7. Dentro de los quince (15) días de notificadas las partes de la radicación de los autos en apelación, o dentro de la prórroga que se concediere con tal fin, el abogado del apelante presentará al Tribunal Superior su alegato que contendrá una relación fiel y concisa de los hechos del caso, así como un señalamiento de los errores que a su juicio cometió el Tribunal de Distrito. Cada error se señalará y discutirá separadamente. Si el apelante no radicare su alegato dentro del término fijado o dentro de la prórroga concedídale, el tribunal motu proprio o a petición de la parte apelada desestimará el recurso.

"Una copia del alegato mencionado en el párrafo anterior será notificada por el abogado de la parte apelante al de la apelada. En el original se hará constar su notificación o se certificará la forma en que la misma fué hecha. Cuando sean varios los apelados y estén representados por distintos abogados, se entregará una copia del alegato a cada uno de ellos. Igualmente se hará por el apelado cuando sean varios los apelantes y estén asimismo representados por distintos abogados. Cuando una parte estuviere representada por más de un abogado bastará con notificar a uno solo de ellos.

"Quince (15) días después de notificado con copia del alegato del apelante o dentro de la prórroga que se concediere, el apelado radicará en el Tribunal Superior su alegato que habrá de ajustarse a los requisitos indicados en esta regla.

"Una moción para desestimar la apelación no suspenderá los términos para la radicación de alegatos en los méritos del recurso.

"Si dentro de los cinco (5) días de radicado el alegato del apelado, o de vencido el término para ello sin presentarse el mismo, cualquiera de las partes así lo solicitare por escrito, el

caso será señalado para vista. De no hacerse tal solicitud se considerará sometido el recurso.

"Para los informes orales de los abogados en las apelaciones se concederán quince (15) minutos a cada parte para el argumento principal y cinco (5) minutos a cada una para rectificar. Estos términos podrán ser ampliados a discreción del juez que conociere del caso.

"Los alegatos serán escritos a máquina, a dos espacios y no deberán contener más de quince (15) páginas de tamaño legal, a menos que el tribunal autorice expresamente un número mayor.

"8. El juez que conociere del recurso en apelación podrá confirmar, modificar, revocar la sentencia apelada, devolver el caso para ulteriores procedimientos o, cuando procediere, dictar la sentencia que debió haber dictado el Tribunal de Distrito."

En el caso de autos el apelante radicó oportunamente el escrito de apelación. Él no informó por escrito al Juez de Distrito, dentro de los cinco días de radicarse el escrito de apelación, que él se proponía preparar una transcripción de evidencia en sustitución de la relación del caso. Por el contrario, él solicitó afirmativamente que se preparase la relación del caso. Lo que procedía, por lo tanto, era que el Juez de Distrito preparase y radicase la relación del caso dentro de los veinte días siguientes a la radicación del escrito de apelación, o dentro de un término razonable, y que tal relación del caso fuese notificada a las partes para que éstas pudiesen presentar sus objeciones a ella dentro de los diez días siguientes a la notificación. De no presentarse objeciones dentro de ese período de tiempo, o de resolverse las objeciones presentadas, entonces, y no antes, es que surge el deber del apelante de elevar los autos al Tribunal Superior, por mediación del Secretario de la sala correspondiente del Tribunal de Distrito, dentro de los cinco días siguientes a la expiración del período de tiempo señalado para la presentación de objeciones, sin haberse presentado objeción alguna, o dentro de los cinco días siguientes a la resolución de las objeciones.

En el caso de autos, la sala de Añasco del Tribunal de Distrito no actuó de acuerdo con la regla 5 al enviar anticipa-

damente, en forma fragmentada, una parte de los autos al Tribunal Superior, antes de quedar aprobada la relación del caso en el Tribunal de Distrito. Debe enviarse la totalidad de los autos, de una sola vez, al Tribunal Superior, dentro de los cinco días siguientes a la terminación de los procedimientos en el Tribunal de Distrito en cuanto a la relación del caso o la transcripción de evidencia, en su caso. En vista de esa norma, fué improcedente, en este caso, el que el Juez de Distrito solicitase del Tribunal Superior el que concediese una prórroga para la radicación de la relación del caso. Debe ser el propio Juez de Distrito, en primera instancia, el que determine si existen razones justificadas para que él no pueda preparar la relación del caso dentro de los veinte días siguientes a la radicación del escrito de apelación, y el que determine, en primera instancia, la razonabilidad y extensión del término adicional que sea requerido para preparar tal relación del caso.

Otra irregularidad procesal que surge de los autos se refiere al hecho de que no se le dió una oportunidad a las partes de presentar sus objeciones a la relación del caso en el Tribunal de Distrito.

Las desviaciones en el procedimiento de apelación que hemos reseñado no justifican la desestimación de la apelación, ya que la responsabilidad por tales desviaciones no era atribuíble al apelante. Lo que procede en este caso es que, a tono con la regla 8, la sala de Mayagüez del Tribunal Superior devuelva el caso a la sala de Añasco del Tribunal de Distrito con órdenes de que allí se dé cumplimiento a la regla 5 en la forma que hemos expuesto, en cuanto a la preparación final de los autos completos en apelación, a los fines de su envío posterior al Tribunal Superior.

*Debe anularse y dejarse sin efecto la resolución recurrida, y devolverse el caso a la sala de Mayagüez del Tribunal Superior, para que se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*